JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
KIMBERLY J. COOPER, ESQ.
Nevada Bar No. 09533
SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:     702/791-0308
Facsimile:      702/791-1912
Email:           TIPLit@nevadafirm.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HOLIDAY SYSTEMS INTERNATIONAL OF NEVADA, d/b/a HOLIDAY SYSTEMS INTERNATIONAL, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>ILLUSION BOUTIQUE HOTEL, a corporation organized pursuant to the laws of Mexico,<br><br>Defendant. | CASE NO.:   2:10-cv-00592-ECR-RJJ<br><br>**PLAINTIFF'S *EX PARTE* MOTION FOR ADDITIONAL TIME TO EFFECT SERVICE OF PROCESS**<br><br>**(Second Request)** |

Plaintiff Holiday Systems International of Nevada ("HSI"), by and through its undersigned counsel, hereby submits this *Ex Parte* Motion for Additional Time to Effect Service of Process (the "Motion") in light of this Court's having set a deadline of November 23, 2010 for HSI to effectuate service of process on Defendant Illusion Boutique Hotel ("IBH").[1] As HSI notes below, this is HSI's second request for such relief as HSI has marshaled service of process through the bureaucracy of the Mexican legal system. This Motion is based upon the pleadings and records on file herein, the Memorandum of Points and Authorities set forth below, the Declaration of James D. Boyle, Esq. attached hereto and incorporated herein by this reference as **Exhibit A**, and any oral argument the Court entertains.

---

[1] HSI seeks *ex parte* relief in this Motion because, as HSI explains *infra*, IBH has yet to be served in this action.

- 1 -

00007-18/670235.doc

## I. MEMORANDUM OF POINTS AND AUTHORITIES

### A. PROCEDURAL OVERVIEW.

On April 23, 2010, HSI filed its Complaint for breach of contract, breach of the covenant of good faith and fair dealing, unjust enrichment, and conversion (Docket No. 1). In its Complaint, HSI noted that, upon information and belief, IBH is a foreign business entity having a principal place of business located at Calle 8 Norte Entre 5 A Ave, Playa Del Carmen, Quintana Roo, Mexico. *See* Complaint, ¶ 2 and Summons.

On June 9, 2010, counsel for HSI submitted the Summons for IBH (Docket No. 4), and the Clerk issued the Summons on June 10, 2010 (Docket No. 6). However, to date HSI has not served IBH for reasons explained *infra* and consistent with this Court's Order dated August 28, 2010 (the "August 28th Order") (Docket No. 10).[2]

On June 9, 2010, HSI submitted a Motion for Issuance of Letters Rogatory (Docket No. 5). The Court subsequently issued Letters Rogatory on July 19, 2010 (Docket No. 7), copies of which were transmitted to HSI's counsel in Mexico for a review of their compliance with Mexican law. At the recommendation of HSI's counsel in Mexico, a Motion for Issuance of Amended Letters Rogatory was filed August 25, 2010 (Docket No. 9). Boyle Decl., at ¶ 2. Amended Letters Rogatory were issued by this Court on August 31, 2010 (Docket No. 11). In order to obtain the necessary apostilles, HSI requested exemplification certificates from this Court, which were completed October 8, 2010. HSI received the apostilles from this Court on October 21, 2010. Boyle Decl., at ¶ 2.

On October 25, 2010, HSI delivered a final exemplified copy of the Complaint, Summons and Amended Letters Rogatory, along with their respective exemplification certificates and apostilles, to HSI's counsel in Mexico for service on IBH. Boyle Decl., at ¶ 3. HSI is therefore awaiting confirmation of service of process on IBH pursuant to the laws of

---

[2] In the August 28th Order, this Court granted HSI ninety (90) additional days to effectuate service of process on IBH. As HSI explains *infra*, the additional time period granted by this Court in the August 28th Order was an insufficient period for HSI to effectuate service of process on IBH, and HSI therefore respectfully requests an additional ninety days to ensure IBH is served with process and thereafter has an opportunity to respond to HSI's Complaint.

Mexico, a process that HSI's Mexican co-counsel has informed HSI may take up to ninety (90) days to complete. Boyle Decl., at ¶ 3.

### B. LEGAL ARGUMENT.

Rule 4(m) of the Federal Rules of Civil Procedure states:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. **This subdivision (m) does not apply to service in a foreign county under Rule 4(f) or 4(j)(1).**

Fed. R. Civ. P. 4(m) (emphasis added). Rule 4(f) addresses the procedural requirements of service of process of an individual in a foreign country, and through incorporation by reference the procedure for serving a corporation that is not located within any judicial district of the United States. *See* Fed. R. Civ. P. 4(f) and 4(h)(2). Similarly, Rule 4(j)(1) addresses the procedure for service of process of a foreign state or its political subdivision. In the instant matter, service of process of IBH is subject to the procedural requirements of Rule 4(f) as IBH is a corporate entity domiciled in Mexico.

As referenced above, HSI has diligently sought to obtain necessary Letters Rogatory and corresponding documents to serve IBH in Mexico. Letters Rogatory to effectuate service of process on IBH in Mexico issued on August 31, 2010 and counsel for HSI has subsequently worked diligently with HSI's Mexican co-counsel to effect service of process through proper Mexican legal channels through the issuance of the Letters Rogatory. On October 25, 2010—having finally gathered all of the documents which HSI understands and believes are required to complete effective service of process pursuant to the laws of Mexico—HSI delivered final and exemplified copies of the Summons, Complaint, and Letters Rogatory, along with the respective certificates of exemplification and apostilles for each, to HSI's co-counsel in Mexico for service on IBH. Boyle Decl., at ¶¶ 2 – 3.

///

Under Ninth Circuit jurisprudence, this Court has broad discretion to set the timeframe in which HSI must effectuate service of process on IBH because the 120-day limitation period set forth in Rule 4(m) does not apply to service of process of a corporation in a foreign country. *See Lucas v. Natoli,* 936 F.2d 432, 432-33 (9th Cir. 1991) ("The plain language of [Rule 4(m)] makes the 120-day service provision inapplicable to service in a foreign country."). Thus, by this Motion HSI respectfully requests that this Court grant HSI at least an additional ninety (90) days to effectuate service of process on IBH through appropriate Mexican legal channels.

## II.   CONCLUSION

HSI is informed and believes that service of process will be effectuated on IBH pursuant to the laws of Mexico within ninety (90) days. Boyle Decl., at ¶ 3. Therefore, for the foregoing reasons, HSI requests that this Court grant HSI a period of at least ninety (90) days to effect service of process on IBH.

DATED this 23rd day of November, 2010.

SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON

_____, 11613
JAMES D. BOYLE, ESQ.
Nevada Bar No. 08384
KIMBERLY J. COOPER, ESQ.
Nevada Bar No. 09533
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

*Attorneys for Plaintiff*

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATE: DEC. 20, 2010